Darren P.B. Rumack
THE KLEIN LAW GROUP
11 Broadway Suite 960
New York, NY 10004
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x

**JACOB BERMAN**

                                    **Plaintiff**

v.                                                          <u>**COMPLAINT**</u>
                                                            **Index No.**
                                                            **JURY TRIAL DEMANDED**

**NICOLE ROBINSON, JEREMY LINDER, Individually**
**and GLOSS AND GLAM LLC d/b/a NOMI BEAUTY**


                                    **Defendants.**
-------------------------------------------------------------------------x

1.    Plaintiff Jacob Berman ("Plaintiff") alleges as follows:

<u>**NATURE OF THE ACTION**</u>

2.    This is an action for unpaid wages and enforcement of contract, arising from

Plaintiff's work for Gloss and Glam LLC d/b/a Nomi Beauty ("Nomi").

Plaintiff served as General Counsel for Nomi, but was not paid his salary in

accordance with the terms of his employment contract. Plaintiff also seeks

damages under the applicable provisions of the Fair Labor Standards Act

("FLSA") and the New York Labor Law ("NYLL") for unpaid minimum

wage while employed by Nomi, Nicole Robinson and Jeremy Linder

(collectively "Defendants").

<u>**PARTIES**</u>

3.      Plaintiff Jacob Berman is a resident of the State of New York.

4.      Plaintiff was employed by Defendants during the relevant limitations periods.

5.      Upon information and belief, Defendant Nicole Robinson ("Robinson") is the CEO of Nomi.

6.      Jeremy Linder ("Linder") is a co-owner and founder of Nomi.

7.      Defendant Nomi is a corporation, registered in the State of New York, with its principal place of business listed as 48 Wall Street, 5th Floor, New York, NY 10005.

8.      Nomi's Angel.com investor pages states the company "partners with luxury hotels to provide a turn-key solution that enables them to provide on-demand hair and makeup services to their guests."[1]

9.      At all relevant times, Nomi has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

10.     Defendants Robinson and Linder exercised control over Nomi's day to day operations, including the ability to hire and fire employees, set employee schedules, and set employee pay rates.

11.     All Defendants are hereinafter collectively referred to as "Defendants."

## JURISDICTION AND VENUE

12.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law and common law claims, as they are related in this action within

---

[1] https://angel.co/gloss-and-glam

such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

13.   Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## FACTUAL ALLEGATIONS

14.   Defendants committed the following alleged acts knowingly, willfully, intentionally.

15.   Plaintiff was employed by Nomi from July 2015 through February 4, 2016 as General Counsel.

16.   Plaintiff's job duties included providing legal counsel and advice regarding all aspects of Nomi's business.

17.   Plaintiff was employed pursuant to the terms of an employment agreement which promised him an hourly wage of $55.29.

18.   Mr. Berman submitted timesheets to Defendants in the amount of $17,812.24, reflecting 322.16 hours worked.

19.   Mr. Berman was never paid for his services performed for the Defendants.

20.   Plaintiff continued to work for Defendants until February 5, 2016; however, Plaintiff did not receive any salary or wages during this period.

21.   To date, Plaintiff has not been compensated for his 322.16 hours worked for Defendants.

## FIRST CAUSE OF ACTION
**Fair Labor Standards Act-Minimum Wage Violations By Plaintiff Against All Defendants**

22.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

23.     The minimum wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.,* and the supporting federal regulations apply to Defendants and protects Plaintiff.

24.     Defendants have willfully failed to pay Plaintiff the federal minimum wage for each hour he worked for Defendants.

25.     As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

## SECOND CAUSE OF ACTION
### New York Labor Law-Minimum Wage Violations By Plaintiff Against All Defendants

26.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

27.     The minimum wage provisions of the New York Labor Law and its supporting regulations apply to the Defendants and protect Plaintiff.

28.     Defendants have willfully failed to pay Plaintiff the New York State minimum wage for all hours he worked for Defendants.

29.     Defendants' knowing or intentional failure to pay Plaintiff minimum wage for all hours worked is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

30.     As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum wage compensation and other wages in an amount to be determined

at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre-judgment and post-judgment interests, costs and other compensation pursuant to the New York Labor Laws.

### THIRD CAUSE OF ACTION
**Breach of Contract Against Nomi**

31.  Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

32.  Plaintiff contracted with Defendant Nomi to be employed as General Counsel at a rate of $55.29 per hour.

33.  Plaintiff was employed by Nomi from July 2015 through February 2016 in that position.

34.  Defendant Nomi breached the contract, by not paying Plaintiff his hourly rate of $55.29, for a total of 322.16, in the total amount of $17,812.24.

35.  Plaintiff has suffered damages as a result of Defendant Nomi's failure to pay the $17,812.24 due and owing to him.

36.  As a result of Defendant Nomi's unlawful acts, Plaintiff is entitled to an award of damages, including punitive damages, costs and attorneys' fees, in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
**Unjust Enrichment Against Nomi**

37.  Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

38.  Defendant Nomi received a benefit from Plaintiff's work as General Counsel.

39.     This benefit came at the time, labor and expense of Plaintiff, as Defendant Nomi did not pay Plaintiff for all of his work performed for Nomi from July 2015 through February 2016.

40.     The time, labor and expenses of Plaintiff should be restored as a matter of equity and good conscience.

41.     As a result of Defendant Nomi's acts, Plaintiff is entitled to an award of damages, costs and attorneys' fees, in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### Promissory Estoppel Against Nomi

42.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

43.     Defendant Nomi promised to pay Plaintiff an hourly salary of $55.29 in exchange for his work at Nomi.

44.     Plaintiff relied on this promise by continuing to work for Nomi.

45.     Plaintiff was injured as result of his reliance on Defendant Nomi's promise, because he was not paid his bi-weekly salary for his time worked from July 2015 until February 2016.

46.     As a result of Defendant Nomi's acts, Plaintiff is entitled to an award of damages, costs and attorneys' fees, in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### Quantum Meruit Against Nomi

47.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

48.   Defendant Nomi promised to pay Plaintiff an hourly salary of $55.29 in exchange for his work at Nomi.

49.   Plaintiff performed 322.16 hours worked for Nomi.

50.   Defendant Nomi accepted the services rendered by Plaintiff.

51.   Plaintiff expected to be compensated in the amount of $55.29 per hour, in exchange for his ongoing work at Nomi.

52.   Defendant Nomi did not pay Plaintiff for his work performed from July 2015 through February 2016.

53.   The $17,812.24 figure is a reasonable value for Plaintiff's services rendered.

54.   As a result of Defendants Nomi's acts, Plaintiff is entitled to an award of damages, costs and attorneys' fees, in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.   An award of damages, according to proof, including backpay, compensatory damages, punitive damages and liquidated damages, to be paid by Defendants;

b.   Penalties available under applicable laws;

c.   Costs of the action incurred herein, including expert fees;

d.   Attorneys' fees, including fees pursuant to 42 U.S.C. § 2000e, *et seq.*, 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

e.   Pre-judgment and post-judgment interest, as provided by law; and

f.   Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right.

Dated: New York, New York
      May 2, 2016

Respectfully submitted,

The Klein Law Group P.C.

By: _____
      Darren P.B. Rumack

11 Broadway, Suite 960
New York, NY 10004
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff.*

8